IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JAMES PASCAL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING NEW TRIAL<br><br>Case No. 2:13CR763DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion to Set Aside Conviction and Grant New Trial. The motion is fully briefed. Although Defendant requested oral argument on the motion, the court does not believe that a hearing would significantly aid in its determination of the motion. As explained more fully below, the only issue raised in Defendant's motion has already been briefed and heard by the court. Therefore, after carefully considering the memoranda submitted by the parties and the law and facts relevant to the motion, the court issues the following Memorandum Decision and Order.

**LEGAL STANDARD**

Rule 33 of the Federal Rules of Criminal Procedure permits a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Tenth Circuit disfavors the granting of new trials and states that caution should be used in granting them. *United States v.*

*Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969). The court grants a new trial only "in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994). "The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected." *United States v. Yoakam*, 168 F.R.D. 41, 44 (D. Kan. 1996).

## ANALYSIS

Defendant seeks a new trial, arguing that the court abused its discretion in admitting Rule 413 evidence and that the jury was improperly prejudiced by such evidence. The court decided the evidence's admissibility under Rule 413 prior to trial in relation to a motion in limine filed by the government. On January 21, 2014, the court held an evidentiary hearing on the proposed Rule 413 evidence, at which two witnesses testified for the government and two witnesses testified for the defense. The court requested both parties to file further briefing after the evidentiary hearing. The court then issued a Memorandum Decision and Order granting the motion in limine and concluding that the evidence could properly be admitted at trial under Rule 413.

In his motion for a new trial, Defendant continues to assert that the Rule 413 evidence did not qualify as another sexual assault. However, Defendant's arguments in support of a new trial are the same arguments the court considered in connection with the government's motion in limine. Defendant's motion for a new trial constitutes a motion to reconsider the court's order on the government's motion in limine. Defendant does not allege that any errors or improprieties occurred at trial separate from the court's pretrial decision to admit the Rule 413 evidence.

The court continues to agree with its prior analysis and believes that it properly admitted

2

the evidence under Rule 413 and controlling Tenth Circuit precedents. In its prior analysis, the court also addressed whether the Rule 413 evidence was unfairly prejudicial under Rule 403 and concluded that it was not. Because Defendant raises no new arguments, there is no need for the court to restate its prior analysis, which is already fully set forth in its February 19, 2014 Memorandum Decision and Order. The court, therefore, concludes that the court's admission of the Rule 413 evidence provides no basis for setting aside Defendant's conviction or for granting a new trial. Accordingly, Defendant's motion is denied.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Set Aside Conviction and Grant New Trial is DENIED.

DATED this 25th day of April, 2014.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge